# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN ZIRPOLI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING LLC and MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendants. | Case No.<br><br>CLASS ACTION<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Benjamin Zirpoli ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Midland Funding and Midland Credit Management, Inc. ("Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This action seeks damages, attorneys' fees, and costs against Defendants for their violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, the Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Stat. §§ 2270, *et seq.*, and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. §§ 201-1, *et seq.*

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over the federal claims at issue under 28 U.S.C. § 1331 and 15 U.S.C. §§ 1681 and 1692.

3. The Court has subject matter jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1332 because there are 100 or more class members, at least one class member is a citizen of a state different from Defendants, and the matter in controversy exceeds $5 million, exclusive of interest and costs.

4. The Court also has subject matter jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367 because Plaintiff's state law claims are so related to the federal claims that they form part of the same case or controversy.

5. The Court has personal jurisdiction over Defendants because the claims at issue arose in this district and Defendants do substantial business in this district.

6. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events and/or omissions at issue occurred in this district.

## PARTIES

7. Plaintiff Benjamin Zirpoli is and was a resident of Franklin County, Pennsylvania at all times relevant to this action.

8. Defendant Midland Funding LLC is a Delaware limited liability corporation with its principal place of business located in San Diego, California.

9. Midland Funding's sole business is the purchasing of defaulted consumer debt with the purpose of collecting on that debt for profit.

10. Defendant Midland Credit Management, Inc. is a Delaware limited liability corporation with its principal place of business located in San Diego, California.

11. Midland Credit's sole business is collecting debts that are purchased and owned by Midland Funding, including calling consumers and sending them letters, filing lawsuits

against consumers, and reporting and obtaining information about consumers to credit reporting agencies on behalf of Midland Funding and under its name.

12. Defendants use instrumentalities of interstate commerce, such as telephone, mail, and the internet, to collect debt from consumers.

## FACTUAL ALLEGATIONS

13. In March 2018, Defendants filed suit against Plaintiff in a Franklin County Magisterial District Court (the "Lawsuit").

14. Defendants claimed Midland Funding purchased a loan Plaintiff was alleged to have opened with OneMain Financial (the "Loan").

15. After being served with the Lawsuit, Plaintiff paid to retain an attorney to defend the Lawsuit and entered a defense.

16. Before the hearing, Defendants dismissed the Lawsuit.

17. Since dismissal, Defendants continue to report the Loan to various consumer reporting agencies, including TransUnion and Equifax, in an ongoing attempt to collect the Loan from Plaintiff.

18. Defendants most recently reported the Loan to various consumer reporting agencies, including TransUnion and Equifax, in May of 2019.

19. Additionally, around April of 2019, Defendants obtained and used Plaintiff's credit report from various consumer reporting agencies, including TransUnion.

20. The Lawsuit and Defendants' credit reporting of the Loan constitute as unlawful attempts to collect on the Loan, and Defendants' procurement and use of Plaintiff's credit report was impermissible, because Defendants' were not lawfully permitted to purchase the Loan and cannot lawfully attempt to collect on the Loan.

21. OneMain Financial is a consumer discount company regulated by the Consumer Discount Company Act ("CDCA"), 7 Pa. Stat. §§ 6201, *et seq*.

22. A consumer discount company is a non-bank finance company that makes, buys, or sells consumer loans in amounts under $25,000 with combined fees, interest, charges, and other amounts that aggregate in excess of 6% per year.

23. The CDCA requires consumer discount companies to have a consumer discount company license in order to make, buy, or sell a CDCA loan. 7 Pa. Stat. § 6203.

24. In fact, the CDCA specifically prohibits non-licensed, non-bank entities from purchasing CDCA loans from non-bank entities licensed under the CDCA. 7 Pa. Stat. § 6214.I.

25. Defendants are not licensed as a consumer discount company under the CDCA.

26. Accordingly, Defendants cannot lawfully purchase CDCA loans from any consumer discount company, and no consumer discount company can lawfully sell Defendants CDCA loans.

27. To the extent Defendants purchased any CDCA loans from any consumer discount company, those purchases are unlawful and the underlying obligations are void.

28. Defendants cannot lawfully collect on any CDCA loans purchased from OneMain Financial or any other consumer discount company licensed under the CDCA, including the Loan on which Defendants sued Plaintiff.

29. Defendants knew they lacked a consumer discount company license, but attempted to collect the Loan anyway.

30. Defendants knew they lacked a consumer discount company license, but obtained and used Plaintiff's credit report anyway.

31. By suing Plaintiff for a loan Defendants could not lawfully purchase or collect, Defendants forced Plaintiff to pay and retain legal counsel to defend against the Lawsuit.

32. By reporting the Loan to consumer reporting agencies, Defendants further engaged in unlawful collection activity since Defendants cannot lawfully collect on the Loan and do not lawfully own the Loan.

33. As a result of Defendants' actions, the rights of Plaintiff and those similarly situated to Plaintiff were violated, and Plaintiff and the members of the class defined below suffered injury in fact.

## CLASS ALLEGATIONS

34. Plaintiff brings this action individually and on behalf of all others similarly situated under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

35. Plaintiff seeks to certify the following classes:

**The Federal Law Class**

All individuals in the state of Pennsylvania who, within the applicable statute of limitations, had a CDCA loan purchased by Defendants, and who had Defendants attempt to collect on the loan, either directly or indirectly.

**The State Law Class**

All individuals in the state of Pennsylvania who, within the applicable statute of limitations, lost money as a result of Defendants attempt to collect on a CDCA loan purchased by Defendants.

36. Plaintiff reserves the right to expand, narrow, or otherwise modify the classes as the litigation continues and discovery proceeds.

37. <u>Numerosity</u>: The classes are so numerous that joinder is impracticable. On information and belief, the members of the class number in the hundreds.

38. <u>Ascertainability</u>: The classes are ascertainable because Defendants, the courts, and the relevant creditors and credit/consumer reporting agencies keep and collect relevant information on each class member.

39. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the classes because the claims of Plaintiff and the classes are based on the same legal theories and arise from the same conduct.

40. <u>Commonality and Predominance</u>: Plaintiff and the class members share numerous common questions of law and fact that will drive the resolution of this litigation and that predominate over any individual issues. For instance, Defendants either are able to lawfully purchase CDCA loans and collect those loans without a CDCA license or they are not. Similarly, Defendants' unlawful purchase of CDCA loans either voids the loans or it does not. Finally, Defendants' attempts to collect on CDCA loans that it has no lawful right to purchase, hold, or collect either violates the law as to Plaintiff and all of the class members or as to none of them. These common questions and other similar common questions of law and fact will drive the resolution of this litigation and predominate over any individual issues.

41. <u>Adequacy</u>: Plaintiff is an adequate representative of the classes because Plaintiff's interests do not conflict with the interests of the class members. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the classes, and Plaintiff has no interests antagonistic to the classes. Plaintiff also has retained counsel who are competent and experienced in the prosecution of class action litigation generally and FDCPA litigation specifically.

42. <u>Superiority:</u> The injury sustained by each class members is not of such magnitude that it is economically feasible to prosecute individual actions against Defendants. Requiring many injured plaintiffs to file individual actions would impose a crushing burden on the court

6

system and almost certainly lead to inconsistent judgments. By contrast, class treatment presents far fewer management difficulties and provides benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I
### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692, *et seq.*

43. Plaintiff repeats and re-alleges all prior allegations as if set forth at length herein.

44. This claim is brought individually and on behalf of the Federal Law Class.

45. Plaintiff is a consumer, the Loan is a debt, and Defendants are debt collectors under the FDCPA. 15 U.S.C. §§ 1692a(3), (5), (6).

46. Defendants' actions and practices described herein constitute as false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e, and unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

47. As a result of Defendants' failure to comply with the provisions of the FDCPA, and the resulting injury and harm Defendants' failure caused, Plaintiff is entitled to actual damages, statutory damages, and attorneys' fees and costs under 15 U.S.C. § 1692k.

## COUNT II
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. §§ 1681, *et seq.*

48. Plaintiff repeats and re-alleges all prior allegations as if set forth at length herein.

49. This claim is brought individually and on behalf of the Federal Law Class.

50. Plaintiff is a consumer, Defendants are persons, TransUnion is a consumer reporting agency, and the documents concerning Plaintiff that TransUnion furnished to Defendants are consumer reports under the FCRA. 15 U.S.C. §§ 1681a(b), (c), (d), and (f).

51. Defendants' lacked a permissible purpose to use or obtain Plaintiff's consumer reports, as described herein. 15 U.S.C. § 1681b(a), 1681b(f), 1681q.

52. Defendants' knew they lacked a permissible purpose but knowingly, recklessly, and willfully obtained and used Plaintiff's consumer report anyway.

53. As a result of Defendants' knowing, reckless, and willful failure to comply with the provisions of the FCRA, and the resulting injury and harm Defendants' failure caused, Plaintiff is entitled to actual damages, statutory damages, punitive damages, and attorneys' fees and costs under 15 U.S.C. §§ 1681n and 1681o.

## COUNT III
### Violation of the Fair Credit Extension Uniformity Act
### 73 Pa. Stat. §§ 2270, *et seq.*

54. Plaintiff repeats and re-alleges all prior allegations as if set forth at length herein.

55. This claim is brought individually and on behalf of the State Law Class.

56. Plaintiff is a consumer under the FCEUA, the Loan is a debt under the FCEUA, and Defendants are debt collectors or creditors under the FCEUA. 73 Pa. Stat. § 2270.3.

57. In the event Defendants are debt collectors, their actions and practices described herein constitute as unfair and deceptive debt collection acts or practices under the FCEUA because they violate 15 U.S.C. §§ 1692e and 1692f, as explained above. 73 Pa. Stat. § 2270.4(a).

58. In the event Defendants are creditors, their actions and practices described herein constitute as unfair or deceptive debt collection acts or practices under the FCEUA because they constitute as: false, deceptive or misleading representations or means in connection the collection of a debt; and unfair or unconscionable means to collect or attempt to collect a debt. 73 Pa. Stat. § 2270.4(b).

8

59. Defendants' engagement in unfair or deceptive debt collection acts or practices under the FCEUA constitute as violations of the UTPCPL. 73. Pa. Stat. § 2270.5(a).

60. Plaintiff lost money or property as a result of Defendants' violations and therefore is entitled to actual damages, statutory damages, treble damages, and attorneys' fees and costs under 73 Pa. Stat. § 201-9.2.

## COUNT IV
### Violation of the Unfair Trade Practices and Consumer Protection Law
### 73 Pa. Stat. §§ 201-1, *et. seq.*

61. Plaintiff repeats and re-alleges all prior allegations as if set forth at length herein.

62. This claim is brought individually and on behalf of the State Law Class.

63. Defendants and Plaintiff are persons under the UTPCPL, the Loan arose from the purchase or lease of goods or services primarily for personal, family or household purposes under the UTPCPL, and Defendants' actions and practices described herein were conduct as part of trade or commerce under the UTPCPL. 73 Pa. Stat. §§ 201-2(2)-(3), 201-9.2.

64. Defendants' actions and practices described herein constitute as unfair methods of competition and unfair or deceptive acts or practices under the UTPCPL because Defendants are engaging in fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding. 73 Pa. Stat. § 201-2(4)(xxi).

65. Defendants' use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce is in violation of 73 Pa. Stat. § 201-3.

66. Plaintiff lost money or property as a result of Defendants' violations and therefore is entitled to actual damages, statutory damages, treble damages, and attorneys' fees and costs under 73 Pa. Stat. § 201-9.2.

9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. An order certifying the proposed classes, appointing Plaintiff as representative of the proposed classes, and appointing undersigned counsel as counsel for the proposed classes;

b. An order awarding actual, statutory, treble, punitive, and all other damages available by law, along with pre-and post-judgment interest;

c. An order awarding attorneys' fees and costs;

d. An order declaring Defendants' conduct unlawful;

e. An order awarding all other relief that is just, equitable and appropriate.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all claims so triable.

|  |  | Respectfully Submitted, |
|---|---|---|
| Dated: August 16, 2019 | By: | /s/ Gary Lynch |

        Gary Lynch
        Edwin Kilpela
        Carlson Lynch LLP
        1133 Penn Avenue
        5th Floor
        Pittsburgh, PA 15222
        (412) 322-9243
        glynch@carlsonlynch.com
        ekilpela@carlsonlynch.com

        Kevin Abramowicz
        BCJ Law LLC
        186 42nd Street
        PO Box 40127
        Pittsburgh, PA 15201
        (412) 223-5740
        kevina@bcjlawyer.com

        John Keller
        Keller, Keller Beck & Ross LLC
        1035 Wayne Ave
        Chambersburg, PA 17201
        (717) 762-3331
        jebkeller@kkbrlaw.com

        *Attorneys for Plaintiff*